IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CONTI 168. SCHIFFFAHRTS-GMBH & CO. BULKER KG MS "CONTI PERIDOT" AND BREMER BEREEDERUNGSGESELLSCHAFT MBH & CO. KG  FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § | CIVIL ACTION NO.  3:15-CV-237<br><br>IN ADMIRALTY<br><br>F.R.C.P.  9(h) |

### VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COME NOW CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" ("CONTI 168") as owner, and Bremer Bereederungsgesellschaft MBH Co. KG ("BBG") as manager, (hereinafter collectively referred to as "Limitation Plaintiffs") of the M/V CONTI PERIDOT (the "Vessel") in a cause of action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et seq.* (the "Limitation of Liability Act"), civil and maritime, and show as follows:

### I.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims (the "Supplemental Rules").

### II.

Limitation Plaintiff CONTI 168 was, and now is, a foreign corporation that was at all material times the owner of the Vessel within the meaning of the Limitation of Liability Act.

III.

Limitation Plaintiff BBG was, and now is, a foreign corporation that was at all material times the manager of the Vessel and an "owner" of the Vessel within the meaning of the Limitation of Liability Act.

IV.

The M/V CONTI PERIDOT is a 33,036 gross ton bulk carrier built in 2011 and registered in Liberia. The M/V CONTI PERIDOT is 189.99 meters in length, 32.26 meters in breadth and bears IMO No. 9452634.

V.

As shown in the Declaration of Value and Pending Freight, attached hereto as Exhibit 1 and incorporated herein by reference for all purposes, the M/V CONTI PERIDOT and all its appurtenances, excluding pending freight, was valued at $14,910,570.09 (FOURTEEN MILLION NINE HUNDRED TEN THOUSAND FIVE HUNDRED AND SEVENTY AND 09/100 US DOLLARS) immediately following the incident at issue herein.

VI.

The value of the pending freight for the voyage of the M/V CONTI PERIDOT scheduled to commence on December 26, 2014 and expected to end on or about March 25, 2015 was $855,000 (EIGHT HUNDRED FIFTY-FIVE THOUSAND AND NO/100 US DOLLARS), as shown in the Declaration of Value and Pending Freight, attached hereto as Exhibit 1 and incorporated herein by reference for all purposes.

VII.

Prior to and at all times hereinafter described, Limitation Plaintiffs exercised due diligence to make and maintain the Vessel, its engines, gear, tackle, *etc.*, in all respects seaworthy; and at all times hereinafter described the Vessel was, in fact, tight, staunch, strong,

properly and efficiently manned, supplied, equipped and furnished, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

### VIII.

On or about March 9, 2015, while the M/V CONTI PERIDOT was sailing inbound through the Houston Ship Channel in the vicinity of the Morgan's Point peninsula it met the M/T CARLA MAERSK in a passing situation, as the M/T CARLA MAERSK was traveling outbound.

### IX.

The M/T CARLA MAERSK is a 29,289 gross ton tanker vessel built in 1999 and registered in Denmark. The M/T CARLA MAERSK is 182.2 meters in length, 32.2 meters in breadth and bears IMO No. 9171503.

### X.

At approximately 12:30 p.m. on March 9, 2015, the M/T CARLA MAERSK caused itself to collide with the M/V CONTI PERIDOT, said collision being proximately caused in whole or in part by the unseaworthiness of, and/or the negligent operation of, the M/T CARLA MAERSK, and/or navigation of the M/T CARLA MAERSK in violation of the rules of navigation and contrary to principles of good seamanship.

### XI.

As a result of the collision the M/V CONTI PERIDOT suffered extensive damage to its hull and equipment.

### XII.

At the time of the collision the M/T CARLA MAERSK was carrying a cargo of Methyl tert-butyl ether ("MTBE"), which is a liquid gasoline additive.

## XIII.

As a result of the collision there was closure to certain marine traffic on a section or sections of the Houston Ship Channel from Monday, March 9, 2015, at approximately 12:30 p.m. until Thursday, March 12, 2015, at approximately 1:00 p.m.

## XIV.

The above described events, and any alleged injuries, losses, damages, or destruction resulting from the accident were not caused or contributed to by the fault, neglect, lack of due diligence or want of due care on the part of Limitation Plaintiffs, the design or condition of the Vessel, nor was the Vessel in any way unseaworthy. Rather, if any injuries, losses, damages, or destruction were sustained as a result of the incident, which is denied, said damages were due to and/or caused by the fault, neglect, lack of due diligence or want of due care of others for whom Limitation Plaintiffs are not responsible, including Maersk Tankers AS, and or the unseaworthiness of the M/T CARLA MAERSK.

## XV.

The injuries and property damage, if any, sustained by any and all persons or entities, which may have resulted from the alleged occurrence or occurrences, were occasioned and incurred without the privity or knowledge of the Limitation Plaintiffs.

## XVI.

Venue is proper in this District pursuant to Rule F (9) of the Supplemental Rules for Admiralty or Maritime Claims. To the best of Limitation Plaintiffs knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the M/V CONTI PERIDOT and the vessel has not been and is not presently under seizure as a result of any claims or demands. Additionally the limitation proceeding of the owner of the M/.T CARLA MAERSK is already pending before this court.

### XVII.

Limitation Plaintiffs have a reasonable basis upon which to believe that claims will be asserted and prosecuted against them in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

### XVIII.

Limitation Plaintiffs desire to contest their liability and the liability of the M/V CONTI PERIDOT, *in rem*, for any claims made or that may be made against them. Limitation Plaintiffs claim exoneration from liability for any and all injuries, losses, damages, or destruction caused by, arising out of, occasioned, or incurred as a result of the aforesaid casualty and for any and all claims therefor. Limitation Plaintiffs allege that they have valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiffs, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., (formerly 46 U.S.C. App. §§ 181, *et seq*.) and the various statutes supplemental thereto and amendatory thereof, and Rule F of the Supplemental Rules.

### XIX.

Filed herewith is Limitation Plaintiffs' *Ad Interim* Stipulation for an amount equal to the value of their interest in the M/V CONTI PERIDOT and its pending freight plus interest thereon at the rate set forth in Rule F. The *Ad Interim* Stipulation, with sufficient security for the amount of the value of their interest in the Vessel and her pending freight as provided by the aforesaid statues, by the Federal Rules of Civil Procedure, including the Supplemental Rules, and by the

rules of practice of this Honorable Court, is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant herein

## XX.

Should it later appear that Limitation Plaintiffs are or may be liable, and that the amount or value of their interest in the Vessel and its pending freight is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Stipulation, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

## XXI.

All and singular, the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, Limitation Plaintiffs pray that:**

(1)   This Court issue an Order approving the above described *Ad Interim* Stipulation for Value and the sureties thereto as security for the amount or value of their interest in the Vessel and its pending freight;

(2)   The Clerk of this Court issue a notice to all persons asserting claims with respect to which this Verified Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiffs a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiffs an answer to this Verified

Complaint on or before the said date, unless his or her claim has included an answer so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, or proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiffs and their underwriters, and/or against the Vessel, her officers and crew or against any employee or property of Limitation Plaintiffs except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid casualty;

(4) This Court adjudge that Limitation Plaintiffs and their underwriters are not liable to any extent for any injuries, losses, damages, or destruction occurring as a result of the casualty in question, or for any claim thereafter in any way arising out of or resulting from the aforesaid casualty;

(5) This Court adjudge that Limitation Plaintiffs and their underwriters are not liable to any extent for any injuries, loss, damages, or destruction occurring as a result of the casualty in question, or for any claim whatsoever in any way arising from or in consequence of the aforesaid casualty; or if Limitation Plaintiffs and their underwriters should be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiffs' interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of said injuries, losses, damages, or destruction, and that Limitation Plaintiffs and their underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in

accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging Limitation Plaintiffs, their underwriters, and the Vessel from all further liability; and

(6) Limitation Plaintiffs may have such other, further and/or different relief as equity and justice may require.

Respectfully submitted,

By: */s/ John F. Unger*
John F. Unger
Attorney-in-Charge
State Bar No. 20690660
Federal I.D. No. 2808
john.unger@roystonlaw.com

Richard A. Branca
State Bar No. 24067177
Federal I.D. No. 828076
1600 Smith Street, Suite 5000
Houston, Texas 77002-7380
Telephone: (713) 224-8380
Facsimile:  (713) 225-9945

**ATTORNEYS FOR LIMITATION PLAINTIFFS, CONTI 168 SCHIFFFAHRTS-GMBH & CO. BULKER KG MS "CONTI PERIDOT" and BREMER BEREEDERUNGSGESELLSCHAFT MBH & CO. KG**

## VERIFICATION

STATE OF TEXAS             §
                           §
COUNTY OF HARRIS           §

Before me now, the undersigned Notary, came and appeared John F. Unger, who after being duly sworn, did depose and state:

1. That he is counsel with the law firm of Royston, Rayzor, Vickery & Williams, LLP, and is the attorney for Limitation Plaintiffs in the above-captioned and numbered proceeding;

2. That he has read the above and foregoing Verified Complaint for Exoneration From or Limitation of Liability, that all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief, and the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives; and

3. That he is specifically authorized by Limitation Plaintiffs to make this Verification on their behalf.

_____
John F. Unger

SWORN TO AND SUBSCRIBED BEFORE ME on this 2nd day of September 2015.

_____
NOTARY PUBLIC

KATHLEEN LYKINS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 11/07/2018