IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF § <br> CONTI 168. SCHIFFFAHRTS-GMBH & CO. § <br> BULKER KG MS "CONTI PERIDOT" AND § <br> BREMER § <br> BEREEDERUNGSGESELLSCHAFT MBH & § <br> CO. KG FOR EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | 3:15-cv-00237 <br><br> IN ADMIRALTY <br><br> F.R.C.P. RULE 9(h) |

**INITIAL ORDER ON COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

A Complaint having been filed herein on the 3rd day of September, 2015 by CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" as owner, and Bremer Bereederungsgesellschaft MBH Co. KG as manager (hereinafter collectively referred to as "Limitation Plaintiffs") of the M/V CONTI PERIDOT (the "Vessel") seeking exoneration from or limitation of liability in respect of any loss, damage, injury, death, or destruction arising out of the collision between the M/T CARLA MAERSK and the M/V CONTI PERIDOT that occurred on March 9, 2015 on the Houston Ship Channel, and/or otherwise arising out of the voyage which the M/V CONTI PERIDOT was expected to conclude on or about March 25, 2015, and for certain other relief; the Complaint having stated the facts and circumstances upon which said exoneration or limitation is claimed; and it appearing that claims have been and/or are about to be made against Conti 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT," Bremer Bereederungsgesellschaft MBH Co. KG, and/or the M/V CONTI PERIDOT for loss, damage, injury, death, or destruction alleged to have arisen out of said incident and/or voyage; now, on motion of Royston Rayzor Vickery & Williams LLP attorneys for the Limitation Plaintiffs, it is

ORDERED that:

1. *Monition.* The Clerk of this Court shall issue a Monition to everyone claiming damages and losses occasioned by or arising out of the collision between the M/T CARLA MAERSK and the M/V CONTI PERIDOT that occurred on March 9, 2015 on the Houston Ship Channel, and/or otherwise arising out of the voyage which the M/V CONTI PERIDOT was expected to conclude on or about March 25, 2015, as referred to in the Complaint, citing each of them to file their respective claims with the Clerk of this Court under oath as provided for in the Federal Rules of Civil Procedure and to serve on or to mail to the attorneys of record for CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" and Bremer Bereederungsgesellschaft MBH Co. KG a copy thereof on or before the 30th day of October, 2015 (the "Default Date"), and requiring any person who desires to contest the right to exoneration from or limitation of liability of CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" or Bremer Bereederungsgesellschaft MBH Co. KG, to file an answer to the Complaint and to serve on or mail to the attorneys of record for the Limitation Plaintiffs a copy thereof on or before the aforementioned Default Date.

2. *Publication.* CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT" and Bremer Bereederungsgesellschaft MBH Co. KG and/or their attorneys shall cause notice of the filing of the Complaint to be published in the HOUSTON CHRONICLE once a week for four successive weeks starting on or before September 15, 2015 in the form attached to this order as Exhibit A; and CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT," Bremer Bereederungsgesellschaft MBH Co. KG, or their attorneys shall certify to

the Court that such publication has been made not later than the aforementioned Default Date.

3. *Notice.* Not later than the day of the second publication, CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT," BBG-Bremer Bereederungsgesellschaft MBH Co. KG or their attorneys will mail a copy of (a) the Monition, (b) Rule F, and (c) this order to every person known to have asserted any claim or filed an action against the M/V CONTI PERIDOT and/or CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT," and/or or BBG-Bremer Bereederungsgesellschaft MBH Co. KG, arising out of the collision between the M/T CARLA MAERSK and the M/V CONTI PERIDOT that occurred on March 9, 2015 in Houston, Texas, and/or otherwise arising out of the voyage which the M/V CONTI PERIDOT was expected to conclude on or about March 25, 2015.

4. *Claims and Objections.* Persons with (a) claims arising out of the collision between the M/T CARLA MAERSK and the M/V CONTI PERIDOT that occurred on March 9, 2015 in Houston, Texas, and/or otherwise arising out of the voyage which the M/V CONTI PERIDOT was expected to conclude on or about March 25, 2015; or (b) objections to the Limitation Plaintiffs' right of exoneration from liability or the right to limitation of liability must file them under oath with the Clerk of this Court and deliver or mail a copy of them to Royston Rayzor Vickery & Williams, LLP, 1600 Smith Street, Suite 5000, Houston, Texas 77002, no later than the Default Date.

5. *Injunction.* The filing, commencement and/or further prosecution of any and all suits, actions, or legal proceedings of any nature, wherever filed and by whosoever made, except in the present limitation proceedings in respect to any

claim or demand against CONTI 168. Schifffahrts-GMBH & Co. Bulker KG MS "CONTI PERIDOT," Bremer Bereederungsgesellschaft MBH Co. KG, or the M/V CONTI PERIDOT or any combination of them, arising out of the collision between the M/T CARLA MAERSK and the M/V CONTI PERIDOT that occurred on March 9, 2015 on the Houston Ship Channel, and/or otherwise arising out of the voyage which the M/V CONTI PERIDOT was expected to conclude on or about March 25, 2015, is hereby stayed, restrained, and enjoined until the termination of this proceeding.

6. *Ad Interim Stipulation.* The limitation value of the M/V CONDIT PERIDOT is stipulated to not exceed $15,765,570.09 (FIFTEEN MILLION SEVEN HUNDRED AND SIXTY FIVE THOUSAND FIVE HUNDRED AND SEVENTY AND 09/100 U.S. DOLLARS). If any claimant by motion demands that the security be given by the Limitation Plaintiffs be increased on the ground that it is less than the value of the Limitation Petitioners' interest in the Vessel and pending freight, the Court will cause due appraisement to be made of the Limitation Plaintiffs' interests in the Vessel and pending freight and, if the Court finds that the security is either insufficient or excessive, it shall order its increase or reduction. If the amount of said *Ad Interim* Stipulation is not contested by any claimant, said *Ad Interim* Stipulation shall stand as a stipulation for value, and an appraisal will not be required.

Signed this 8th day of September, 2015.

_____
George C. Hanks, Jr.
United States District Judge