IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF § | | |
| CONTI 168. SCHIFFFAHRTS-GMBH & CO. § | | |
| BULKER KG MS "CONTI PERIDOT" AND § | | C.A. NO. 3:15-CV-00237 |
| BREMER § | | |
| BEREEDERUNGSGESELLSCHAFT MBH & § | | IN ADMIRALTY |
| CO. KG FOR EXONERATION FROM OR § | | |
| LIMITATION OF LIABILITY § | | F.R.C.P. 9(h) |
| LIMITATION OF LIABILITY § | | |

**ORIGINAL CLAIM AND ANSWER OF MAERSK TANKERS AS
TO VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Maersk Tankers AS (hereinafter referred to as "Maersk Tankers") and, under protest and without prejudice to its position that Conti 168 Schifffahrts-GMBH & Co. Bulker KG MS "*Conti Peridot*" and Bremer Bereederungsgesellschaft MBH & Co. KG (jointly referred to as "Limitation Plaintiffs") are not entitled to exoneration from or limitation of liability, files its Original Claim and Answer to the Verified Complaint for Exoneration From or Limitation of Liability of Limitation Plaintiffs and would respectfully show the Court as follows:

**I.
CLAIM FOR DAMAGES**

1.   At all times material hereto, Maersk Tankers was the registered owner and operator of the *M/T Carla Maersk*.

2.   On or about March 9, 2015, while the *M/T Carla Maersk* was sailing outbound through the Houston Ship Channel at approximately the Morgan's Point peninsula it met the *M/V Conti Peridot* in a meeting situation, as the *M/V Conti Peridot* was traveling inbound through the Houston Ship Channel.

3.    At approximately 12:30 p.m. on March 9, 2015, in a negligent and careless manner, and in violation of the Rules of Navigation, the *M/V Conti Peridot* solely caused the collision with the *M/T Carla Maersk*.

4.    At the time of the collision, the *M/T Carla Maersk* was carrying 216,049 barrels (bbls) of methyl tert-butyl ether ("MTBE"), which is a liquid gasoline additive.

5.    As a result of the collision, the *M/T Carla Maersk* suffered extensive damage to its hull and equipment, including breaching multiple cargo tanks.

6.    As a result of the collision and resulting breach of the holding cargo tanks of the *M/T Carla Maersk*, an unknown amount of MTBE was discharged into the Houston Ship Channel.

7.    As a result of the collision, the Houston Ship Channel was closed for marine traffic from Monday, March 9, 2015, at approximately 12:30 p.m. until Thursday, March 12, 2015, at approximately 1:00 p.m.

8.    Upon information and belief, Limitation Plaintiffs are liable for all damages of any and all individuals or entities, including Maersk Tankers' damages, arising out of the collision.

9.    Third-party claims for, including but not limited to, alleged personal injury, alleged damages to real and personal property, alleged damage and/or loss of cargo and alleged economic damages have been filed against Maersk Tankers as a result of the collision and resulting discharge of MTBE.

10.   Maersk Tankers is entitled to file a claim against Limitation Plaintiffs for damaged incurred by Maersk Tankers and for indemnity or contribution for any third-party claims against Maersk Tankers pursuant to Rule F(5) of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

11. Maersk Tankers seeks recovery of money damages presently estimated to be in excess of $21,023,270.50, not including interest and costs.  The money damages include loss of earnings due to collision related delays, response costs, temporary and permanent vessel repairs, damage and/or loss of cargo, indemnity or contribution for any third-party claims and other expenses resulting from the collision.

12. The March 9, 2015 collision was not contributed to in any way by the fault, neglect, lack of due diligence or want of due care on the part of Maersk Tankers, the crew of the *M/T Carla Maersk*, the design or condition of the *M/T Carla Maersk*, nor was the *M/T Carla Maersk* in any way unseaworthy.  To the contrary, all damages arising from the collision were caused, in whole or in part, by the unseaworthiness of the *M/V Conti Peridot* and/or by the negligent acts and omissions and other legal faults of the agents, servants, owners and employees of the Limitation Plaintiffs, which were within the privity and/or knowledge of Limitation Plaintiffs.  Therefore, Limitation Plaintiffs are not entitled to either exoneration from or limitation of liability in this action.  Maersk Tankers reserves the right to amend or supplement this claim to allege further and/or additional damages, faults, unseaworthy conditions and/or negligent acts and omissions as the evidence may disclose.

13. The assertion of Maersk Tankers' claim is subject to and without prejudice to Maersk Tankers' objection to Limitation Plaintiffs' Complaint for Exoneration From or Limitation of Liability, and Maersk Tankers' position that the action for exoneration or limitation is improper and should be dismissed, and/or the Limitation Plaintiffs' limitation fund should be increased.  Maersk Tankers reserves the right to challenge the sufficiency of the Limitation Plaintiffs' limitation fund.

WHEREFORE, PREMISES CONSIDERED, Maersk Tankers AS demands judgment against Limitation Plaintiffs Conti 168. Schifffahrts-GMBH & Co. Bulker KG MS "*Conti Peridot*" and Bremer Bereederungsgesellschaft MBH & Co. KG in an amount to be determined by this Court and including interest and costs, and all such other and further relief both general and special, at law and in equity, to which Maersk Tankers AS may be justly entitled.

## II.
## ORIGINAL ANSWER TO VERIFIED COMPLAINT
## FOR EXONERATION FROM OR LIMITATION OF LIABILITY

### FIRST DEFENSE

The Limitation Plaintiffs fail to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Subject to and without waiving any other defenses, Maersk Tankers answers the allegations of the Limitation Plaintiffs' Verified Complaint for Exoneration From or Limitation of Liability (hereinafter referred to as "Complaint") in correspondingly numbered sections and paragraphs as follows:

### I.

The allegations of paragraph I of the Limitation Plaintiffs' Complaint are legal in nature and do not require a response.

### II.

The allegations of paragraph II of the Limitation Plaintiffs' Complaint are legal in nature and do not require a response.

### III.

The allegations of paragraph III of the Limitation Plaintiffs' Complaint are legal in nature

and do not require a response.

### IV.

Maersk Tankers admits the allegations of paragraph IV of the Limitation Plaintiffs' Complaint.

### V.

Maersk Tankers lacks sufficient information and/or knowledge regarding the alleged value of the *M/V Conti Peridot* to admit or deny same; and, accordingly, the allegations of paragraph V are denied.

### VI.

Maersk Tankers lacks sufficient information and/or knowledge regarding when the voyage of the *M/V Conti Peridot* underway at the time of the incident began or was scheduled to end to admit or deny allegations regarding same. Maersk Tankers also lacks sufficient information and/or knowledge regarding the alleged value of the pending freight for the voyage of the *M/V Conti Peridot* underway at the time of the incident to admit or deny allegations regarding same. Accordingly, the allegations of paragraph VI are denied.

### VII.

Maersk Tankers denies the allegations of paragraph VII of the Limitation Plaintiffs' Complaint.

### VIII.

Maersk Tankers admits the allegations of paragraph VIII of the Limitation Plaintiffs' Complaint.

### IX.

Maersk Tankers admits the allegations of paragraph IX of the Limitation Plaintiffs'

Complaint.

**X.**

Maersk Tankers denies the allegations of paragraph X of the Limitation Plaintiffs' Complaint.

**XI.**

Maersk Tankers lacks sufficient information and/or knowledge regarding the alleged damage to the hull and equipment of the *M/V Conti Peridot* to admit or deny same. Accordingly, the allegations of paragraph XI are denied.

**XII.**

Maersk Tankers admits the allegations of paragraph XII of the Limitation Plaintiffs' Complaint.

**XIII.**

Maersk Tankers admits the allegations of paragraph XIII of the Limitation Plaintiffs' Complaint.

**XIV.**

Maersk Tankers denies the allegations of paragraph XIV of the Limitation Plaintiffs' Complaint.

**XV.**

Maersk Tankers denies the allegations of paragraph XV of the Limitation Plaintiffs' Complaint.

**XVI.**

The allegations of paragraph XVI of the Limitation Plaintiffs' Complaint regarding venue are legal in nature and do not require a response. Maersk Tankers lacks sufficient information

and/or knowledge regarding the allegation of paragraph XVI of the Limitation Plaintiffs' Complaint that no warrant of arrest or any other process of any court has been issued for the *M/V Conti Peridot* and that the */V Conti Peridot* has not been and is not presently under seizure as a result of any claims or demands to admit or deny same; and, accordingly, these allegations are denied. Maersk Tankers, as owner of the *M/T Carla Maersk*, admits that its action for exoneration from or limitation of liability filed on May 8, 2015, is pending before this Court.

### XVII.

Based on the best information available to Maersk Tankers at this time, Maersk Tankers admits that the claims expected to be asserted and prosecuted against the Limitation Plaintiffs will exceed the value of the *M/V Conti Peridot* and its pending freight. Maersk Tankers denies the remaining allegations, if any, of paragraph XVII of the Limitation Plaintiffs' Complaint.

### XVIII.

Maersk Tankers denies that the Limitation Plaintiffs are entitled to exoneration from and/or limitation of liability and Maersk Tankers denies that the Limitation Plaintiffs have valid defenses to liability on the facts and on the law as alleged in paragraph XVIII of the Limitation Plaintiffs' Complaint. The remaining allegations of paragraph XVIII of the Limitation Plaintiffs' Complaint are legal in nature and/or do not require a response.

### XIX.

Maersk Tankers admits only that the Limitation Plaintiffs filed an *Ad Interim* Stipulation. The remaining allegations of paragraph XIX of the Limitation Plaintiffs' Complaint are denied.

### XX.

Maersk Tankers admits that the Limitation Plaintiffs are liable for the collision at issue herein. Maersk Tankers denies that the Limitation Plaintiffs are entitled to exoneration from

and/or limitation of liability. The remaining allegations of paragraph XX of the Limitation Plaintiffs' Complaint are legal in nature and do not require a response; alternatively, they are denied.

### XXI.

Maersk Tankers denies that "[a]ll and singular, the premises are true" as alleged in paragraph XXI of the Limitation Plaintiffs' Complaint. The remaining allegations of paragraph XXI of the Limitation Plaintiffs' Complaint are legal in nature and do not require a response.

The allegations of paragraph (1) – (3) of the prayer in Limitation Plaintiffs' Complaint are legal in nature and do not require a response.

Maersk Tankers denies that the Limitation Plaintiffs are entitled to the relief for with they pray in the paragraphs numbered (4) through (6) of the prayer in Limitation Plaintiffs' Complaint.

### THIRD DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Limitation Plaintiffs' Affidavit of Value attached to their Complaint is inadequate and the valuation of the *M/V Conti Peridot* and pending freight is insufficient. Maersk Tankers reserves the right to contest the valuation of the *M/V Conti Peridot* and the alleged value of pending freight and to request an appraisal of said vessel.

### FOURTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, Maersk Tankers is not liable as alleged.

### FIFTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Limitation

Plaintiffs' alleged damages, if any, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Maersk Tankers and/or the crew of the *M/T Carla Maersk*.

### SIXTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Limitation Plaintiffs' alleged damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or instrumentalities not under the control of Maersk Tankers and for which Maersk Tankers is not legally responsible.

### SEVENTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing and assuming *arguendo* that any liability on the part of Maersk Tankers exists, which is specifically denied, Maersk Tankers is entitled to limit its liability to the value of the *Carla Maersk* and its pending freight at the conclusion of the voyage. *See* Maersk Tankers' Verified Complaint for Exoneration From or Limitation of Liability, Civil Action No. 3:15-cv-00106, previously filed in the United States District Court for the Southern District of Texas, Galveston Division, on May 8, 2015.[1]

### EIGHTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Limitation Plaintiffs do not have a cause of action against Maersk Tankers as a matter of law based on the alleged unseaworthiness of the *M/V Carla Maersk*.

### NINTH DEFENSE

For further answer, if such is necessary and without waiving the foregoing, the Limitation Plaintiffs have failed to mitigate their damages, if any.

---

[1] See Clerk's Docket Entry No. 1 in Civil Action No. 3:15-cv-00106.

**TENTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, the Limitation Plaintiffs' alleged damages, if any, were proximately caused, in whole or in part, by a superseding, intervening and/or new and independent cause(s) for which Maersk Tankers has no legal liability.

**ELEVENTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, the Limitation Plaintiffs do not have causes of action against Maersk Tankers for indemnity or contribution.

**TWELFTH DEFENSE**

For further answer, if such is necessary and without waiving the foregoing, Maersk Tankers asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or the Limitation Plaintiffs.

**III.
PRAYER**

WHEREFORE, PREMISES CONSIDERED, Maersk Tankers AS prays that its Answer be deemed good and sufficient, and that after due proceedings are had, the Court:

- deny Limitation Plaintiffs' complaint for exoneration from and/or limitation of liability;

- deem Limitation Plaintiffs' valuation of the *M/V Conti Peridot* and the security posted inadequate;

- award Maersk Tankers AS its damages; and,

- grant all such other and further relief both general and special, at law and in equity, to which Maersk Tankers AS may be justly entitled.

Respectfully submitted,

EASTHAM, WATSON, DALE AND FORNEY, L.L.P.

*/s/ Robert L. Klawetter*
Robert L. Klawetter
State Bar No. 11554700
S.D.TX. Admin ID No. 2471
William A. Durham
State Bar No. 06281800
S.D.TX. Admin ID No. 4172
808 Travis Street, Suite 1300
Houston, TX  77002
Telephone:  (713) 225-0905
Telefacsimile:  (713) 225-2907

*Attorneys for Claimant*
*Maersk Tankers AS*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **September 28, 2015**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Galveston Division, and/or by certified mail, return receipt requested, as enumerated below.

*/s/ Robert L. Klawetter*
Robert L. Klawetter

| *VIA THE CM/ECF SYSTEM* | *VIA THE CM/ECF SYSTEM* |
|---|---|
| Mr. John F. Unger | Mr. Mark Sparks |
| Mr. Richard A. Branca | Michael S. Downey |
| Royston, Rayzor, Vickery & Williams LLP | The Mostyn Law Firm |
| 1600 Smith Street, Suite 500 | 6820 Delaware Street |
| Houston, Texas 77002 | Beaumont, Texas 77706 |